UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL ACTION NO. 0:15-cr-02-DLB-EBA-1

UNITED STATES OF AMERICA,                                                                              PLAINTIFF,

V.                                **MAGISTRATE JUDGE'S
                                   REPORT AND RECOMMENDATION**

LEAH A. BENTLEY,                                                                                       DEFENDANT.

*** *** *** ***

This matter came before the Court for a final probation revocation hearing on September 30, 2015, on a Probation Violation Report filed by the United States Probation Office. The defendant, Leah A. Bentley, was present and represented by appointed counsel, Richard A. Hughes; the United States was represented by Cindy Reiker; and United States Probation Officer Allison Biggs was also present.

At the hearing, the Defendant expressed her desire to stipulate to violations 1, 2, and 3. Having determined the voluntariness and factual basis of her stipulation, the Court makes the following proposed Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

(1) On July 13, 2015, the Court sentenced Defendant Leah A. Bentley to five (5) years' probation following her guilty plea to Receiving Stolen Property of the United States in violation of 18 U.S.C. § 641. Defendant was ordered to pay $30,392.80 restitution and a $100.00 special assessment, and in addition to Standard Conditions of supervision and probation, Special Conditions of Supervision were also included in her terms of release, as reflected in the Judgment entered

against Defendant which was filed on July 15, 2015. [R. 23].

(2) United States Probation Officer Allison Biggs documented the following conduct in violation of the special and standard conditions of probation in a Violation Report dated September 3, 2015: (1) Defendant missed two phone calls from the voice recognition system on the mornings of August 19, 2015 and September 1, 2015, failed to check-in as directed with the voice recognition system on September 1, 2015, and failed to appear at her residence to meet Ashland Police, who arrived at her residence to investigate the missed calls and were informed by Defendant's mother that she was not home; (2) Defendant took two (2) unprescribed 2.5 milligram Klonopin pills and drank a small bottle of mouth wash to ingest the alcohol therein, a Grade C violation; and (3) Defendant unlawfully possessed Klonopin, a Schedule IV Controlled Substance, a Grade B violation.

(3) At her hearing, Defendant was informed of her right to a final hearing before the United States District Judge, yet waived her right to such a hearing and consented to proceed before the undersigned. She was advised of her right to persist in a plea of not guilty, her right to remain silent and her right to a hearing on the alleged violations. The Defendant, under oath, expressed an understanding of both the nature of the charges, and the maximum possible penalties. She thereafter knowingly and voluntarily made an oral stipulation to the violations contained within the reports as stated above. Her stipulation was based upon a sufficient factual basis containing all essential elements of the crimes charged and was offered without evidence of coercion or duress.

## **CONCLUSIONS OF LAW**

The above stipulation and report prove, by a preponderance of the evidence, that defendant has violated the following conditions of probation:

| | |
|---|---|
| Special Condition | The defendant shall be placed on home detention for a period of six months. During this time, the defendant shall remain at her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at place of residence without any special services, modems, answering machines, or cordless telephones for the above period. The defendant shall be monitored by voice recognition during the term of home detention. |
| Standard Condition No. 7 | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. |
| Probation Condition | The defendant shall not commit another federal, state, or local crime. |

Considering the most significant violation is a Grade B, and the Defendant's criminal history of I, the guideline range of imprisonment is 4 to 10 months, pursuant to Guideline §7B1.4(a).

The defendant was fully informed of her right of allocution, and knowingly waived the right before the United States District Judge, choosing to exercise that right before the undersigned.

## **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense as set forth above; (ii) the history and characteristics of the Defendant; and (iii) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; to protect the public from further crimes of the defendant; and to provide correctional treatment for the defendant in the most effective manner.

(ii) In the instant matter, the most serious violation is a Grade B violation.  In light of the

3

Defendant's criminal history category I, the revocation guidelines call for a range of imprisonment from four (4) to ten (10) months. Pursuant to 18 U.S.C. § 3565(a), the Court may choose not to revoke the term of probation, instead choosing to continue probation, extend the probation term or modify the conditions of probation. Further, pursuant to 18 U.S.C. § 3565(a)(2), the Court may re-sentence the defendant under the penalties applicable at the time of the initial sentence.

Despite her recent violations, Defendant benefits from a number of factors which weigh against revoking her probation. Defendant voluntarily appeared to face the violation charges against her, she continues to participate and make progress in substance abuse and mental health counseling while on supervision, she continues to receive physician treatment and medication for diabetes, bi-polar disorder and other mental and physical ailments, and her probation officer asserts she has been consistently cooperative with the Probation Office and has made and continues to make genuine efforts to move forward in her life in a positive way.  Excluding these recent infractions, has made positive strides towards living a law-abiding life. Having considered the matter, and being advised,

IT IS THEREFORE RECOMMENDED AS FOLLOWS:

(1) That the Defendant's probation NOT be revoked, but that the conditions of her probation be modified to require that she wear a Transdermal alcohol monitor on her person at all times while serving the remainder of her probation term.

(2) All other Conditions of Probation previously set by the Court's Judgment [R. 23] shall remain in effect.

Specific objections to this Report and Recommendation must be filed within fourteen

days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59.

     Signed October 6, 2015.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge